# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

1. UNITED STATES OF AMERICA

      **Plaintiff,**

v.

1. ALL THAT LOT AND PARCEL OF LAND, TOGETHER WITH ALL BUILDINGS, APPURTANANCES, IMPROVEMENTS, FIXTURES, ATTACHMENTS AND EASEMENTS THEREON, AND ALL RIGHTS APPERTAINING THERETO, LOCATED AT 6303 AND 6311 TECUMSEH STREET, TULSA, TULSA COUNTY, OKLAHOMA,

      **Defendant Property.**

Civil No.

## United States Verified Civil Complaint for Forfeiture *In Rem*

Plaintiff, United States of America, by and through Reagan V. Reininger, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

## Nature of the Action

1. This is a civil forfeiture action against real property located at 6303 E and 6311 E Tecumseh Street N, Tulsa, Oklahoma ("Defendant Property"), that is the proceeds traceable to violations of 18 U.S.C. §§ 666, 1343, 1956(a)(1)(B)(i), 1956(h), and 1957(a) and/or was involved in a transaction or attempted transaction in violation of 18 U.S.C.

§§ 1956(a)(1)(B)(i), 1956(h), and 1957(a), and is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C).

### The Property *In Rem*

2.  The Defendant Property consists of:

> Lots Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), and Seventeen (17), Block Three (3), HOUSTON ADDITION to the City of Dawson, now an Addition to the City of Tulsa, Tulsa County, State of Oklahoma, according to the Recorded Plat thereof also known as 6303 E and 6311 E Tecumseh Street N, Tulsa, Oklahoma 74115.

The Defendant Property remains in the custody of Faye's Kiddie Kollege LLC.

### Jurisdiction and Venue

3.  The United States brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over the Defendant Property under 28 U.S.C. § 1355(b).

4.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395 because acts or omissions giving rise to the forfeiture occurred in this district and the Defendant Property is located in this district.

### Basis for Forfeiture

5.  The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) because it is real property which constitutes or is derived from

2

proceeds traceable to violations of 18 U.S.C. §§ § 666 (Theft or Bribery Concerning Programs Receiving Federal Funds), 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C. § 1956(a)(1)(B)(i) (Laundering of Monetary Instruments), 18 U.S.C. § 1956(h) (Money Laundering Conspiracy), and 18 U.S.C. § 1957(a) (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity) and/or was involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) (Laundering of Monetary Instruments), 18 U.S.C. § 1956(h) (Money Laundering Conspiracy), and 18 U.S.C. § 1957(a) (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity).

### Facts

6. The facts and circumstances supporting the forfeiture of the Defendant Property are set forth in the Affidavit of USSS Special Agent Robert Idoux, attached hereto and incorporated herein by reference.

7. Faye's Kiddie Kollege LLC ("Kiddie Kollege") was licensed as a child care center, maintaining its' principal place of business and bank accounts in Tulsa, Oklahoma and within the Northern District of Oklahoma.

8. A December 18, 2019 operating agreement for Kiddie Kollege listed Tamara Reid ("Tamara") and her brother, Quincy Reid ("Quincy") as managing members of the LLC with Tamara owning a 95% interest in Kiddie Kollege.

9. Kiddie Kollege transferred ownership from Tamara and Quincy to Faye's Learning Academy LLC ("Learning Academy"), effective July 1, 2022.

10. Faye's Learning Academy was formed in March 2022 and remained at 455 South Memorial Drive, Tulsa, Oklahoma after the transfer of Kiddie Kollege on July 1, 2022. Dameion Ray ("Ray") was the sole member.

11. In October 2022, Ray, on behalf of Faye's Learning Academy, applied for a Child Care Desert Grant.

12. In his Child Care Desert Grant application, Ray acknowledged the permissive use of grant funds and further acknowledged that the purchase of land or property or major construction or renovations were not allowed.

13. On October 11, 2022, Ray affirmed that he would adhere to the Child Care Desert Grant qualifications and would only spend the funds on allowable uses. He further understood that he could be required to re-pay grant funds if he did not adhere to the terms of the agreement.

14. Faye's Learning Academy was approved for and received a $600,000 grant in December 2022.

15. Chase Bank Account No. xxx2663 was opened on June 30, 2022, in the name of Faye's Learning Academy LLC.

16. The signatories on Chase Bank Account No. xxx2663 were Tamara and Ray.

4

17. On December 19, 2022, a $600,000 OKDHS desert grant payment, issued to Faye's Learning Academy, was deposited to Chase Bank account xxx2663. The check was endorsed by Ray.

18. On December 29, 2022, $400,000, were transferred from Faye's Learning Academy's Chase Bank Account No. xxx2663 to Tamara Reid's personal Chase Bank Account No. xxx2563.

19. On March 16, 2023, a total of $300,000 was withdrawn from Tamara's Chase Bank Account No. xxx2563, including two $100,000 cashiers' checks, a $60,000 cashier's check, and $40,000 in cash.

20. Cashier's Check 9208021533, in the amount of $100,000 and payable to Tamara Reid Jackson.

21. On March 16, 2023, Cashier's Check 9208021533 was deposited to Bank of America Account No. xxx6582, held in the name of Tamara R Reid-Jackson.

22. On January 11, 2024, $200,000 of funds were deposited from Bank of America Account No. xxx6403 savings account into Tamara's Bank of America Account No. xxx6582.

23. Tamara subsequently directed a $299,744 wire transfer from Bank of America Account No. xxx6582 to Elite Title Services for the purchase of the Defendant Property.

24. A warranty deed was filed in Tulsa County on January 8, 2024, documenting the sale of the Defendant Property and conveying ownership of Defendant Property from Oklahoma Life Skills Association to Faye's Kiddie Kollege LLC.

25. The Defendant Property sold for $300,000, including a $3,000 earnest payment.

26. The earnest payment was made by Tamara via a cashier's check purchased on December 1, 2023, showing Tamara as the remitter.

### Conclusion

WHEREFORE, the United States requests that notice of this action be given to all persons known or thought to have an interest in this action; that the Defendant Property be forfeited to the United States for disposal according to law, and that the United States be awarded its costs and disbursements in this action and all other relief to which it is entitled.

Respectfully submitted,

CLINTON J. JOHNSON
UNITED STATES ATTORNEY

REAGAN V. REININGER, OBA #22326
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, OK 74119
Telephone: (918) 382-2700
Email: reagan.reininger@usdoj.gov

6

## Affidavit in Support of Forfeiture Complaint

I, Robert Idoux, duly sworn, state the following:

1. I am a Special Agent with the United States Secret Service ("USSS"). I have been employed as a special agent with USSS since 2005, and am currently assigned to the Oklahoma City Field Office, Tulsa Resident Office. I have conducted a wide variety of investigations, specifically complex white collar crime investigations.

2. As such, I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7) and empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18 of the United States Code.

3. Since becoming a Special Agent, I have become familiar with and have participated in a wide range of methods of investigation, including but not limited to, use of physical surveillance, witness interviews, search warrants, arrest warrants, debriefings and operational use of informants, pen registers, surveillance of undercover transactions, consensually monitored and recorded conversations and phone calls, and reviews of recorded conversations. Through training, education, and experience, I have become familiar with the manner in which criminal enterprises function and have received numerous hours in training from various federal, state, and local law enforcement agencies. I also spoke on numerous occasions with other experienced investigators concerning the methods and practices of criminal enterprises and money launderers.

## Property Sought for Forfeiture

4. This affidavit is submitted in support of a Civil Complaint for Forfeiture against the following property:

   a. Lots Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), and Seventeen (17), Block Three (3), HOUSTON ADDITION to the City of Dawson, now an Addition to the City of Tulsa, Tulsa County, State of Oklahoma, according to the Recorded Plat thereof also known as 6303 E and 6311 E Tecumseh Street N, Tulsa, Oklahoma 74115

(hereinafter, "Defendant Property").

5. It is the belief of your affiant that the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) because it is proceeds traceable to violations of 18 U.S.C. §§ 666 (Theft or Bribery Concerning Programs Receiving Federal Funds), 1343 (Wire Fraud), 1956(a)(1)(B)(i) (Laundering of Monetary Instruments), 1956(h) (Money Laundering Conspiracy), and 1957(a) (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity) and/or was involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), 1956(h), and 1957(a).

6. The information set forth in this Affidavit is known to me both through my own investigation and from information and documentation provided to me by other sworn law enforcement personnel and individuals I find to be credible and reliable.

## Factual Background

7. The Oklahoma Department of Human Services (OKDHS) is a state agency which includes Child Care Services (CCS) responsible for the regulation and inspection of licensed child care centers in Oklahoma. OKDHS assists child care providers through

2

services and resources including grants. CCS is funded by the federal Child Care Development Block Grant.

8. In Oklahoma, 34 of the state's 77 counties are considered child care deserts – counties where there are not enough licensed child care providers to meet needs of working families. The Child Care Desert Startup Grant was started to increase accessibility to child care in areas of significant need. These grants were created to address the significant needs in the communities for families to have a safe place for children to go while their parents work or pursue education.

9. Applications for the Child Care Desert Startup Grants began in September 2022 and continued to be available until budgeted funds were depleted, or until July 31, 2023. To be eligible for these grants, an individual or business must have been licensed with the state and in good standings with OKDHS. Applicants could have received a total of $10,000 per child served.

10. Safari Kingdom Learning Academy LLC ("Safari Kingdom") was formed in December 2017 and located at 455 South Memorial Drive, Tulsa, Oklahoma and within the Northern District of Oklahoma.  Safari Kingdom was a licensed child care center. Brodrick Buckles Jr. ("Buckles") was the registered owner of Safari Kingdom. Buckles is the son of Tamara Reid ("Tamara").

11. On December 19, 2019, a change of ownership form was filed with OKDHS, transferring ownership of Safari Kingdom from Buckles to Faye's Kiddie Kollege LLC ("Kiddie Kollege"), pending approval by the state of Oklahoma.  The form was signed only by Quincy Reid as the prospective owner. Tamara was not identified as an owner or

3

operator of Kiddie Kollege. Upon approval of the transfer to Kiddie Kollege, Safari Kingdom was no longer an authorized licensed child care center.

12. Kiddie Kollege was formed in December 2019 and remained at 455 South Memorial Drive, Tulsa, Oklahoma. Kiddie Kollege was licensed as a child care center, maintaining its' principal place of business and bank accounts in Tulsa, Oklahoma and within the Northern District of Oklahoma.

13. A December 18, 2019 operating agreement for Kiddie Kollege listed Tamara and her brother, Quincy Reid ("Quincy") as managing members of the LLC with Tamara owning a 95% interest in Kiddie Kollege.

14. In 2019, OKDHS received a complaint on Kiddie Kollege and Quincy was added to OKDHS' Joshua's List – a database of individuals prohibited from working at, owning, or residing in a licensed child care facility in Oklahoma.  Individuals are placed on Joshua's List if they have confirmed or substantiated findings of child abuse or neglect while working at a child care facility, a denied or revoked child care facility license, or criminal convictions for violent crimes or crimes against children.

15. Before OKDHS could revoke its' license, Kiddie Kollege transferred ownership from Tamara and Quincy to Faye's Learning Academy LLC (" Faye's Learning Academy"), effective July 1, 2022.

16. Faye's Learning Academy was formed in March 2022 and remained at 455 South Memorial Drive, Tulsa, Oklahoma after the transfer of Kiddie Kollege on July 1, 2022. Dameion Ray ("Ray") was the sole member.

4

17. In October 2022, Ray, on behalf of Faye's Learning Academy, applied for a Child Care Desert Grant.

18. In his Child Care Desert Grant application, Ray acknowledged the permissive use of grant funds and further acknowledged that the purchase of land or property or major construction or renovations were not allowed.

19. On October 11, 2022, Ray affirmed that he would adhere to the Child Care Desert Grant qualifications and would only spend the funds on allowable uses. He further understood that he could be required to re-pay grant funds if he did not adhere to the terms of the agreement.

20. Faye's Learning Academy was approved for and received a $600,000 grant in December 2022.

21. Investigators and agents have reviewed bank account records pertaining to Tamara, Buckles, and Faye's Learning Academy, as well as records from other sources to conduct the financial investigation.

22. Chase Bank Account No. xxx2663 was opened on June 30, 2022, in the name of Faye's Learning Academy LLC. The signatories on the account were Tamara and Ray. The balance on December 14, 2022, was $15,403.67.

23. On December 19, 2022, a $600,000 OKDHS desert grant payment, issued to Faye's Learning Academy, was deposited to Chase Bank account xxx2663. The check was endorsed by Ray.

24. On December 29, 2022, $400,000 representing proceeds of fraud, were transferred from Faye's Learning Academy's Chase Bank Account No. xxx2663 to Tamara Reid's

5

personal Chase Bank Account No. xxx2563. After the $400,000 deposit, Tamara's Chase Bank Account No. xxx2563 maintained a balance of more than $500,000 until March 16, 2023.

25. On March 16, 2023, a total of $300,000 was withdrawn from Tamara's Chase Bank Account No. xxx2563, including two $100,000 cashiers' checks, a $60,000 cashier's check, and $40,000 in cash. Cashier's Check 9208021533, in the amount of $100,000 and payable to Tamara Reid Jackson, represented proceeds of fraud.

26. On the same date, Cashier's Check 9208021533 was deposited to Bank of America Account No. xxx6582, held in the name of Tamara R Reid-Jackson. Bank of America Account No. xxx6582 balance before the $100,000 deposit was $3,028.26. The account maintained a monthly balance of at least $94,347.72 from March 2023 through December 2023, representing proceeds of fraud.

27. On January 11, 2024, $200,000 of funds were deposited from Bank of America Account No. xxx6403 savings account into Tamara's Bank of America Account No. xxx6582. Tamara subsequently directed a $299,744 wire transfer from Bank of America Account No. xxx6582 to Elite Title Services for the purchase of the Defendant Property.

28. A warranty deed was filed in Tulsa County on January 8, 2024, documenting the sale of the Defendant Property and conveying ownership of Defendant Property from Oklahoma Life Skills Association to Faye's Kiddie Kollege LLC, a child care center that ceased operation in July 2022. Records documented a $300,000 sale and a $3,000 earnest payment. The earnest payment was made by Tamara via a cashier's check purchased on December 1, 2023, showing Tamara as the remitter.

6

## Conclusion

29. Based upon the information set forth herein, as well as training, experience, and knowledge of this investigation, your Affiant has sufficient probable cause to believe that the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) because it is property which constitutes or is derived from the proceeds traceable to a violation of, and/or is used to facilitate because it is proceeds traceable to violations of 18 U.S.C. §§ 666 (Theft or Bribery Concerning Programs Receiving Federal Funds), 1343 (Wire Fraud), 1956(a)(1)(B)(i) (Laundering of Monetary Instruments), 1956(h) (Money Laundering Conspiracy), and 1957(a) (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity) and/or was involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), 1956(h), and 1957(a).

Further, Affiant sayeth not.



TABATHA J. BERKA
NOTARY PUBLIC
STATE OF OKLAHOMA
Commission # 20005077  Expires 05/08/28

_____
Robert Idoux, Special Agent
United States Secret Service

Subscribed and sworn to before me this 16th day of June, 2026.

_____
NOTARY PUBLIC, State of Oklahoma

7

## VERIFICATION

I, Robert Idoux, hereby verify and declare under penalty of perjury that I am a Special Agent with United States Secret Service, that I have read the foregoing Verified Complaint In Rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed at Tulsa, Oklahoma, this 16th day of June, 2026.

_____
Robert Idoux, Special Agent
United States Secret Service